UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| eQHEALTH ADVISEWELL, INC. f/k/a eQHEALTH SOLUTIONS, INC. | CIVIL ACTION |
| VERSUS | NO: 21-1438 |
| HOMELAND INSURANCE CO. OF NEW YORK | SECTION: "A" (4) |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 10)** filed by the defendant, Homeland Insurance Co. ("Homeland"); **Motion for Partial Summary Judgment (Rec. Doc. 12)** filed by the plaintiff, eQHealth AdviseWell, Inc. ("eQHealth"). Both motions are opposed. The motions, submitted for consideration on November 10, 2021, are before the Court on the briefs without oral argument.

The instant dispute concerns a claim for coverage under a Homeland Managed Care Errors and Omissions Liability policy ("the Policy") issued to the plaintiff, eQHealth.

eQHealth is in the business of providing a variety of medical management services to numerous entities across the country, including federal, state, and commercial clients. The present coverage dispute relates to eQHealth's contract with the state of Florida's Agency for Health Care Administration ("AHCA") to manage and process claims for Florida's Medicaid program. The eQHealth/AHCA contract includes indemnity provisions which obligate eQHealth to indemnify AHCA from threatened or actual proceedings arising out of eQHealth's acts or omissions in performing under the contract. As described by eQHealth, eQHealth committed an error in deciding that a

Florida patient, B.N., was entitled to out-of-state care to be provided by Brookhaven Hospital, an Oklahoma in-patient facility. The error led to demands that eQHealth bear the cost of its mistake. eQHealth settled the underlying controversy without participation by Homeland. Homeland has denied coverage on various grounds. Via this lawsuit, eQHealth seeks to recover the cost of the settlement, its legal expenses, the costs of prosecuting this matter, and statutory bad faith damages under Louisiana law.

eQHealth has demanded a jury. Homeland has not answered the lawsuit as yet. No scheduling order is in place at this time.

Homeland's motion to dismiss is grounded on the contention that the Eastern District of Louisiana is an improper venue for this action. Homeland moves the Court to either dismiss this action without prejudice or transfer it to the Northern District of Florida, a district where according to Homeland, a substantial part of the events or omissions giving rise to this case occurred. *See* 28 U.S.C. § 1406(a) (Cure or waiver of defects). Even if the Court determines that venue is proper in this district, Homeland contends that the Northern District of Florida is a more convenient forum and that transfer pursuant to 28 U.S.C. § 1404(a) (change of venue) is appropriate.

The Court must determine whether this case falls within one of the three venue categories set out in the general venue statute, 28 U.S.C. § 1391(b), recited below. *Atlantic Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49, 56 (2013). If it does, then venue is proper. *Id.*

The general venue statute states: A civil action may be brought in **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; **(2)** a judicial district in which a substantial part of the events

or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)-(3).

Homeland is a corporate defendant in this matter, thus "residency" is defined by § 1391(c)(2), as "any judicial district in which such defendant is subject to the court's personal jurisdiction **with respect to the civil action in question** . . . ." (emphasis added). Section 1391(d), Residency of corporations in States with multiple districts, states that "[f]or purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."

The Court begins with the more familiar second venue category under § 1391(b)(2). No non-frivolous argument can be made that a substantial part of the events or omissions giving rise to the coverage dispute at issue occurred in this district. In fact, none of the events or omissions giving rise to the coverage dispute at issue occurred in this district. None of the claims handling activities by either side occurred in this district. eQHealth's coverage demand and all of the prior notice of claim documents were sent from Baton Rouge, Louisiana where eQHealth's corporate office is located. Homeland's

analysis of the claim, decision to deny coverage, and issuance of correspondence relating to the claim all occurred outside of this district (and state) and were directed to eQHealth in Baton Rouge. The acts or omissions by eQHealth employees regarding B.N.'s in patient care were committed either at eQHealth's Tallahassee, Florida office or in Baton Rouge. Baton Rouge is located in the Middle District of Louisiana and Tallahassee is located in the Northern District of Florida. Thus, § 1391(b)(2) does not place venue in this district although it would place venue in either the Middle District of Louisiana or in the Northern District of Florida. Proper venue is not necessarily limited to one forum.

Whether the first venue category under § 1391(b)(1) places venue in this district depends on whether Homeland "resides" in the Eastern District of Louisiana. As explained above, the venue statute defines "residency" for a corporate defendant like Homeland; residency for purposes of the venue statue is not necessarily the same as the corporation's citizenship, which is used for purposes of subject matter jurisdiction. Rather, the question whether Homeland "resides" in the Eastern District of Louisiana for purposes of venue in this civil action depends on whether Homeland would be subject to the court's personal jurisdiction *with respect to the civil action in question*. In other words, if the Eastern District of Louisiana were its own state, would Homeland be subject to specific personal jurisdiction in this district based on its case-specific contacts with this district.

The Court is at a loss to discern any contacts by Homeland with this district that pertain to this case. The sole connection to this district that eQHealth has identified is that the broker who obtained the Homeland policy for eQHealth is located in New

Orleans. Clearly, Mr. Smith with Marsh, Inc., has contacts with this district but neither Mr. Smith nor his company are defendants, their conduct is not at issue in this case, and their contacts with this district are not imputable to Homeland. Homeland surely had contacts with Mr. Smith when he brokered the transaction to obtain the Homeland policy for eQHealth but those contacts with this district are not related to this matter.

eQHealth's opposition is replete with non-case specific contacts that do nothing to place venue in the Eastern District of Louisiana. The Louisiana Department of Insurance is not located in this district so eQHealth's at length discussion of Homeland's licensure with that agency misses the mark. The Louisiana Secretary of State, Homeland's agent for service of process, is likewise not located in this district. eQHealth's reads 28 U.S.C. § 1391(d) as conferring residency in any judicial district located in a state where the corporation is subject to personal jurisdiction but this is not a correct interpretation of § 1391(d). Rather than broaden venue options in the manner urged by eQHealth, § 1391(d) narrows them by focusing on the corporation's contacts with a specific judicial district.

To be clear, Homeland does not argue, nor could it, that it is not subject to personal jurisdiction in Louisiana for this coverage dispute. The question before the Court is not whether Homeland is subject to personal jurisdiction in Louisiana for this coverage dispute but rather whether venue in the Eastern District of Louisiana is proper. Section 1391(b)(1) does not place venue in this district.

Finally, because either the Middle District of Louisiana or the Northern District of Florida would be districts where venue is proper, the catchall provision of § 1391(b)(3) does not place venue in this district.

In sum, the Court is persuaded that venue in the Eastern District of Louisiana is not proper and that this case must be either dismissed or transferred to a district where venue is proper.

The Court is not persuaded, however, that that Northern District of Florida is the more convenient forum. In urging the transfer to Florida—a transfer that eQHealth vehemently opposes—Homeland focuses far too extensively on the events surrounding B.N. in Florida and on the terms of the AHCA contract itself. This is a coverage dispute and the denial letter in this case (Rec. Doc. 12-8) demonstrates that the focus in this case will be on the terms and conditions of Homeland's policy, whether coverage was triggered under the Policy, and if so whether eQHealth complied with the Policy's terms and conditions. The Court will not transfer the case to the Northern District of Florida over eQHealth's objection. But the case likewise cannot remain in the Eastern District of Louisiana over Homeland's objection. Unless Homeland is willing to consent to venue in this district, the Court will transfer the case to the Middle District of Louisiana rather than dismiss it.

Finally, eQHealth has confirmed that it is not asserting any claims on behalf of AHCA. Homeland's concerns with that issue are unfounded.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by the defendant, Homeland Insurance Co., is **GRANTED** as follows: <u>Unless Homeland consents to venue in the Eastern District of Louisiana by **Friday, January 21, 2022**, this civil action will be transferred to the Middle District of Louisiana where venue is proper.</u> Homeland may indicate its consent to venue in this district by either filing its answer or

filing into the record a notice advising the Court and the plaintiff that the objection to venue has been withdrawn. The motion is **DENIED** in all other respects.

    **IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 12)** filed by the plaintiff, eQHealth AdviseWell, Inc., is **DENIED** as premature.

January 10, 2022

                    _____
                      JAY C. ZAINEY
                  UNITED STATES DISTRICT JUDGE